[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10678
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 6, 2008
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-60966-CV-DLG

TANGIA MCCORMICK,

Plaintiff-Appellant-
Cross-Appellee,

versus

ARCHSTONE-SMITH COMMUNITIES, LCC,
a Florida foreign limited liability company,

Defendant-Appellee-
Cross-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(October 6, 2008)**

Before TJOFLAT, BLACK and COX, Circuit Judges.

PER CURIAM:

Plaintiff Tangia McCormick was employed as a leasing consultant by Defendant Archstone-Smith Communities, LLC ("Archstone"") when she suffered complications of pregnancy. McCormick took a leave of absence and received short-term disability payments. When she exhausted her short-term disability benefits, McCormick was still unable to return to work and began receiving payments pursuant to the long-term disability policy ("the Policy") that was a benefit of her employment. She received ten weeks of payments pursuant to the Policy. When, to substantiate a request for additional benefits, she provided the administrator of the Policy (not Archstone) with medical information, the administrator determined that McCormick was not medically eligible for additional benefits. Also, while she was on leave, Archstone sold the property where McCormick had worked and terminated McCormick's employment.

McCormick sued Archstone for violations of the Employment Retirement Income Security Act ("the ERISA claim") and violations of the Pregnancy Discrimination Act and the Florida Civil Rights Act (together, "the discrimination claims"), alleging that Archstone discriminated against her on the basis of her pregnancy when it denied her continued disability benefits and terminated her employment.

The district court granted summary judgment to Archstone on all counts of the complaint. McCormick appeals. Archstone cross-appeals, complaining that a finding in the district court's order is erroneous and prejudicial to Archstone and must be corrected.

We address McCormick's appeal first. On the ERISA claim, we find no error in the district court's finding that Archstone is not a fiduciary for purposes of the ERISA statute and, therefore, is not a proper defendant to this claim. Thus, we affirm the summary judgment granted Archstone on Count I of McCormick's complaint. On the discrimination claims, we also affirm the summary judgments granted Archstone. McCormick presented no evidence to rebut Archstone's nondiscriminatory reason for terminating her employment. (R.2-81 at 16.) Neither did she present evidence that it was untrue that termination of her disability benefits was based, as the administrator explained, on her medical condition. (R.2-81 at 17.) Because we affirm the summary judgements, we find no abuse of discretion in the district court's order awarding costs.

With regard to Archstone's cross-appeal, there is an issue of jurisdiction. The district court granted summary judgment to Archstone. Therefore, as the prevailing party, Archstone has no standing to appeal the judgment. *Agripost, Inc. v. Miami-Dade County*, 195 F.3d 1225, 1230 (11th Cir. 1999). This case does not fall within

the narrow exception to the rule for prevailing parties who are prejudiced by the collateral estoppel effects of a court's order. *Id.* Archstone's concern that the district court's finding that the Policy is facially discriminatory may harm it in future litigation is unwarranted. There can be no collateral estoppel effect of that finding because that determination was not critical to the judgment in this case. As the district court found, and as we hold above, even if the Policy is facially discriminatory, McCormick's claims of discrimination fail. Archstone's cross-appeal is dismissed for lack of jurisdiction.

JUDGMENT AFFIRMED; CROSS-APPEAL DISMISSED.